**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MEXICO PRIVATE EQUITY FUND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08-CV-680-GKF-TLW |
| ) | |
| FRANCES L. DOUGHERTY; ) | |
| ESTATE OF NED A. DOUGHERTY; ) | |
| KATHLEEN S. HENRIKWEN, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Before the court is the Motion to Strike Jury Trial of plaintiff Mexico Private Equity Fund ("MPEF") [Docket No. 24].

On November 6, 2006, defendant Frances L. Dougherty signed an Agreed Judgment in the amount of $2,000,000 in favor of MPEF. MPEF subsequently domesticated the Agreed Judgment in Oklahoma. MPEF alleges that Dougherty fraudulently transferred two parcels of real property in order to hinder, delay and defraud MPEF and in violation of the Oklahoma Uniform Fraudulent Transfer Act, 24 Okla. Stat. §§ 112-123. MPEF requests three forms of relief: 1) avoidance of the transfers to the extent necessary to satisfy MPEF's existing judgment; 2) an attachment against the assets transferred; and 3) an injunction against further disposition of assets of the estate or assets transferred in connection with the conveyances of real property. Defendants have demanded a jury trial with respect to the first two requests for relief.[1]

MPEF moves to strike the jury trial set in this matter, arguing that it seeks only equitable relief. Defendants respond that the remedy MPEF seeks is legal in nature and, more specifically, that

---

[1] The injunction MPEF seeks is clearly an equitable remedy as to which there is no right to a jury trial.

the attachment MPEF seeks is a legal remedy.

In *Whitehead v. Shattuck*, 138 U.S. 146 (1891), the United States Supreme Court acknowledged that the task of distinguishing a suit in equity from an action at law is not always easy:

> It would be difficult, and perhaps impossible, to state any general rule which would determine in all cases what should be deemed a suit in equity as distinguished from an action at law, for particular elements may enter into consideration which would take the matter from one court to the other; . . .

138 U.S. at 151. *Whitehead* involved a contest over title to certain real property. There, the principles upon which the court determined that the action was one at law were as follows:

> [W[here an action is simply for the recovery and possession of specific, real, or personal property, or for the recovery of a money judgment, the action is one at law. An action for the recovery of real property, including damages for withholding it, has always been of that class. The right which in this case the plaintiff wishes to assert is his title to certain real property; the remedy which he wishes to obtain is its possession and enjoyment; and in a contest over the title both parties have a constitutional right to call for a jury.

*Id.; See also Pernell v. Southall Realty,* 416 U.S. 363 (1974) (since the right to recover possession of real property was a right ascertained and protected at common law, the Seventh Amendment entitles either party to demand a jury trial). In this case, MPEF does not seek to recover possession or title to real property. Rather, it seeks avoidance of the transfers of two parcels of real property and an attachment against the real property transferred.

The Seventh Amendment provides: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be perserved. . . ." The Supreme Court has consistently interpreted the phrase "Suits at common law" to refer to "suits in which Legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone

2

Case 4:08-cv-00680-GKF-tlw   Document 33 Filed in USDC ND/OK on 07/09/09   Page 3 of 4

were recognized, and equitable remedies were administered." *Parsons v. Bedford*, 28 U.S. 433, 447 (1830); *Granfinanciera v. Nordberg*, 492 U.S. 33, 41 (1989). "Although 'the thrust of the Amendment was to preserve the right to jury trial as it existed in 1791,' the Seventh Amendment also applies to actions brought to enforce statutory rights that are analogous to common-law causes of action ordinarily decided in English law courts in the late 18th century, as opposed to those customarily heard by courts of equity or admiralty." *Id.* at 41-42, quoting *Curtis v. Loether*, 415 U.S. 189, 193 (1974).

The analysis used to determine whether a claim is "legal" or "equitable" consists of two factors. First, the court compares the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, the court examines the remedy sought and determines whether it is legal or equitable in nature. *Tull v. United States*, 481 U.S. 412, 417-418 (1987).[2]

English equity and law courts exercised concurrent jurisdiction over fraudulent conveyance actions; the law courts tried those in which the creditor sought legal remedies and the equity courts tried those in which he sought equitable remedies. *In re Graham*, 747 F.2d 1383, 1387 (7th Cir. 1984). Based upon this tradition, the courts of this country have long held that an action by a creditor to set aside a fraudulent conveyance is equitable in nature. *See, e.g., Mississippi Mills v. Cohn*, 150 U.S. 202, 207 (1893); *Damsky v. Zavatt*, 289 F.2d 46, 53 (2d Cir. 1961); *Graham*, 747 F.2d at 1388; *Senchal v. Carroll*, 394 F.2d 797, 798-99 (10th Cir. 1968).

Attachment, however, is a legal remedy. *Banco Central de Reserva del Peru v. Riggs Nat.*

---

[2]The right to a jury trial in the federal courts is determined as a matter of federal law in diversity as well as other actions. *Simler v. Conner*, 372 U.S. 221, 222 (1963).

*Bank of Washington, D.C.*, 919 F.Supp. 13, 17 (D.D.C. 1994).  The remedy did not exist at common law.  *Abuse of Process and Attachment: Toward a Balance of Power*, 30 UCLA L. Rev. 1218, 1220 (August 1983).  Oklahoma's Uniform Fraudulent Transfer Act expressly provides that a creditor may obtain the remedy of "an attachment or other provisional remedy against the asset transferred or other property of the transferee *as provided by law*."  24 Okla. Stat. § 119(A)(2).

That portion of the action wherein MPEF seeks to set aside the alleged fraudulent conveyances is equitable in nature and may be determined by the Court.[3]  However, attachment is a legal remedy, and Defendants are entitled to a jury with respect to any genuine issues of material fact pertaining to attachment and satisfaction of MPEF's existing judgment.[4]  This court therefore concludes that the Motion to Strike Jury Trial must be granted in part and denied in part.

**WHEREFORE**, the Motion to Strike Jury Trial [Document No. 24] is granted in part and denied in part.

**IT IS SO ORDERED** this 9th day of July 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

---

[3]This Court has previously empaneled an advisory jury, when appropriate, on equitable issues involving allegations of fraud.  The parties do not discuss this option in their briefs.

[4]Defendants do not suggest what the issues of fact pertaining to attachment may be.

4